NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHANE WADE WOODS, *Appellant.*

No. 1 CA-CR 14-0721
FILED 4-30-2015

Appeal from the Superior Court in Yuma County
No. S1400CR201100655
The Honorable Maria Elena Cruz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

¶1        Shane Wade Woods ("Appellant") appeals the revocation of his intensive probation for one count of unlawful use of means of transportation, a class five felony. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and found no question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

¶2        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1] Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY**[2]

¶3        On May 17, 2011, a grand jury issued an indictment charging Appellant with one count of theft of means of transportation, a class three felony. Pursuant to a plea agreement, Appellant pled guilty to a modified charge of unlawful use of a means of transportation, a class five felony. On October 19, 2011, the trial court sentenced Appellant to 90 days in jail and three years' intensive probation. That same day, Appellant signed the

---

[1]      We cite the current Westlaw version of the applicable statutes because no revisions material to this decision have since occurred.

[2]      We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

"Uniform Conditions of Supervised Probation" and "Conditions of Intensive Probation," acknowledging the specific conditions of his intensive probation.

¶4         On May 17, 2012, Adult Probation Officer ("APO") Flores petitioned to modify a condition of Appellant's probation, requesting that Appellant serve an additional ten days in jail because Appellant had tested positive for methamphetamine. That same day, Appellant waived a hearing on this petition and agreed to the modification to serve an additional ten days in jail. In October 2012, APO Flores petitioned to revoke Appellant's probation, alleging Appellant violated three conditions of his probation. During the revocation hearing on October 26, 2012, Appellant admitted to violating one condition of his probation, and the State dismissed the remaining two allegations. The trial court reinstated Appellant's intensive probation, extending the probationary term by 31 days and sentencing Appellant to 90 days in jail.

¶5         In August 2013, APO Flores petitioned to modify Appellant's terms of probation, requesting that Appellant serve twenty days in jail for drug use and failing to comply with TASC urinalysis testing. Appellant waived a hearing on this petition to modify, acknowledged he had violated a condition of his probation, and agreed to serve twenty days in jail. In March 2014, APO Flores again petitioned to modify Appellant's probation for failing to comply with TASC urinalysis testing, requesting that Appellant serve two days in jail. Appellant waived his right to a hearing and agreed to serve the two days in jail.

¶6         In May 2014, Appellant's new probation officer, APO Stricklin, petitioned to revoke Appellant's probation, alleging Appellant had violated multiple conditions of his probation. The trial court issued a bench warrant and Appellant was arrested on August 21, 2014. During the violation of probation hearing on September 17, 2014, APO Stricklin testified Appellant violated several conditions of probation, stating Appellant had absconded from probation supervision, had used methamphetamine, had failed to comply with urinalysis testing, and had failed to remain at his residence when not at work or without obtaining prior APO approval. Appellant did not testify at the hearing. The trial court found Appellant had violated two conditions of probation. Appellant was sentenced to the presumptive term of 1.5 years' imprisonment in the Arizona Department of Corrections, with three hundred and forty-seven days of pre-incarceration credit. Appellant timely appealed.

**ANALYSIS**

**¶7**         We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96.  The evidence presented at the violation of probation hearing was substantial and supports the sentence, and the sentence was within the statutory limits.  Appellant was represented by counsel at all stages of the proceedings and gave a statement at sentencing.  The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶8**         After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

**¶9**         The trial court's orders revoking Appellant's probation and sentencing Appellant to imprisonment are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama